HEIRS OF AMADOR TRÍAS ETC., Appellants, *v.* REGISTRAR
OF PROPERTY OF GUAYAMA, Respondent.

No. 1095. Submitted November 3, 1941.—Decided November 12, 1941.

*A. J. Amadeo* for appellant. The registrar did not appear.

MR. JUSTICE TODD, JR., delivered the opinion of the court.

On April 25, 1927, there was entered in the Registry of
Property of Guayama, by the Heirs of Amador Trías Silva,
a notice of complaint (*lis pendens*) in an action brought by

said heirs against Baltazar Mendoza, Porto Rico Leaf Tobacco Co. and others in the District Court of Guayama, for the annulment of a foreclosure proceeding and the recovery of real property. Subsequently, on April 30, 1930, Baltazar Mendoza, one of the defendants who was in possession of the realty the object of said action, mortgaged the same to secure a promissory note for $66,000 which was afterwards pledged to the Banco Comercial de Puerto Rico and to the Crédito y Ahorro Ponceño and finally acquired by those banks.

Notwithstanding the fact that the original notice of *lis pendens* above referred to had not been canceled, the Heirs of Trías Silva entered again the same notice in the registry on September 18, 1937, and on February 11, 1938. This latter entry, which referred to a 119-acre (*cuerdas*) tract, was canceled pursuant to an order of the District Court of Guayama on November 28, 1940, after the mortgage securing the promissory notes had been foreclosed by the banks and the two estates involved in the litigation had been awarded to them. In the record of the mortgage which gave rise to such foreclosure it was set forth by the registrar that the estates in question were subject to the notice of *lis pendens* entered by the Heirs of Trías Silva, that is, the original notice entered in April 1927.

On June 1, 1939, the District Court of Guayama rendered judgment in favor of the Heirs of Amador Trías Silva in the action for nullity of the foreclosure proceeding and for revendication—which judgment was amended on April 22, 1940—decreeing the nullity and nonexistence of the title recorded in the name of Baltazar Mendoza, and ordered the cancellation of all the records and conveyances made by virtue of such title. Upon presentation of the corresponding writ for record in the Registry of Property of Guayama, the registrar refused to record the same on the grounds set forth in the following decision:

"RECORD IS DENIED of the cancellation requested in the document or application exhibited with the foregoing writ, but only as regards the two rural properties of 119 and 18 acres, respectively, located in the ward (*barrio*) of Lapa, Cayey, for the following reasons: (1) Because although there exists, ever since April 25, 1927, an uncanceled entry of notice of the original complaint that gave rise to the judgment to which the foregoing writ refers, and by virtue thereof the cancellation is now sought of the record entries of said properties in favor of the Banco Popular de Puerto Rico and Crédito y Ahorro Ponceño, in accordance with the provisions of paragraph 5 of Section 71 of the Mortgage Law, yet it appears from the registry, as regards the 119-acre property, that the same notice of complaint was entered subsequent to that time, that is, on February 11, 1938, which entry was afterwards canceled pursuant to an order of the District Court of Guayama of November 28, 1940, made in the foreclosure proceeding which gave rise to the award of the immovable to the aforesaid banks, and as to the 18-acre property the same notice of complaint was entered subsequent to April 25, 1927, that is, on September 18, 1937, which entry, although the same does not appear expressly canceled, practically became null and void because the plaintiffs who caused the same to be made had been summoned in the aforesaid foreclosure proceeding, the undersigned registrar being in doubt as to whether the last *lis pendens* notices invalidated the original notice of April 25, 1927; and (2) because the attached judgment does not cover the Porto Rican Leaf Tobacco Co., one of the defendants in the original action, inasmuch as in said judgment the complaint is dismissed as to the above company, the registrar being also in doubt as to whether said judgment, which is insufficient as to all the defendants included in the original notice of complaint, is sufficient for the purpose of effecting the cancellation sought, since, in the opinion of the registrar, it is incumbent on the courts to pass upon the validity of the entry involved as well as upon the sufficiency of the judgment, as has already been stated; and in lieu thereof a cautionary notice has been entered in both cases for the statutory period of 120 days in favor of the Heirs of Amador Trías Silva, covering their right herein, at page 199, volume 93 of Cayey, property No. 2133, triplicate, entry letter B, and by means of a notice on the margin of the 8th inscription of property No. 1590, triplicate, at page 166, volume 75 of Cayey. Guayama, P. R., on March 28, 1941. (Signed) Angel Fiol Negrón, Registrar.''

In a certificate issued by the respondent registrar on August 19, 1941, it is set forth that the notices of complaint entered on the margins of the records of the two properties involved, on April 25, 1927, "do not appear to have been canceled in any way in this registry, nor does any document appear to have been presented, which is pending registration or entry, wherein the cancellation of said notices is sought."

The appellant has filed an extensive brief in support of his appeal, which has not been refuted in any way by the registrar.

Two are, then, the grounds stated by the registrar in his decision for refusing the cancellation sought by the appellant: First, because he has doubts as to whether the last *lis pendens* notices had invalidated or made ineffective the original notice entered on April 25, 1927; and, second, that he also entertains some doubt as to whether the judgment rendered by the District Court of Guayama is sufficient as a basis to effect the cancellation sought.

 Let us consider the first ground. Both the original entry of notice of *lis pendens* and the subsequent notices were made under the provisions of Section 91 of the Code of Civil Procedure (1933 ed.), which reads as follows:

"Section 91.—In an action affecting the title or the right of possession of real property, the plaintiff, at the time of filing the complaint, and the defendant, at the time of filing his answer, when affirmative relief is claimed in such answer, or at any time afterwards, may file for record with the registrar of the district in which the property or some part thereof is situated, a notice of the pendency of the action, containing the names of the parties, the object of the action or defense, and a description of the property affected thereby. From the time of filing such notice for record only shall a purchaser or incumbrancer of the property affected thereby be deemed to have constructive notice of the pendency (of the action, and only of its pendency) against parties designated by their real names."

Notices of *lis pendens* entered in the registry pursuant to the above section as well as those entered by virtue of judicial orders, under Sections 42 and 43 of the Mortgage Law, may be canceled on application of an interested party and without the necessity of any judicial order, where the period of four years has elapsed since they were entered, unless said notices shall have for just cause been extended by order of the court where such cases are pending, as was held in *Aguilar* v. *Registrar,* 57 P.R.R. 598. In the case at bar, however, although the entry of the original notice of complaint was effected on April 25, 1927, and, therefore, as of April 25, 1931, any interested party could have taken steps to secure its cancellation, nothing was done and even now said notice is still in force, as certified to by the registrar. The fact that the appellant subsequently presented again for entry its notice of complaint, perhaps to prevent said cancellation from being sought, does not affect at all, in our opinion, the validity and force of the original entry. So much so that when the properties in question were awarded to the said banks in the foreclosure proceeding, such subsequent entries were canceled, as the same had been made precisely after the constitution of the mortgage. This, however, could not and did not affect the original entry which was made prior to the constitution of the mortgage; for when the latter was recorded it was set forth that the properties were subject to said notice of *lis pendens.*

■ As to how a subsequent purchaser might be affected by such notice, see, among others, the cases of *Jordán* v. *Gómez,* 18 P.R.R. 149; *Dávila* v. *Registrar,* 24 P.R.R. 660; *Paniagua* v. *District Court,* 34 P.R.R. 648, 651; *Cintrón* v. *A. Hartman & Co.,* 43 P.R.R. 170; and *Riera* v. *Registrar,* 57 P.R.R. 659. In the last of those cases, after citing Section 91 of the Code of Civil Procedure, *supra,* it was said:

"It is unquestionable that when the action brought affects the title or the right of possession of real property and the notice of the pendency of the action is recorded in the registry, a person who

acquires the title or a lien upon the property, subsequent to the date of the presentation of the notice, lacks the character of a third person and his title or lien is subject to the outcome of the suit to which the notice refers.''

The fifth paragraph of Section 71 of the Mortgage Law provides that:

''Art. 71. Real property or property rights against which cautionary notices have been entered may be alienated or encumbered, but without prejudice to the right of the person in whose name the cautionary notice was entered.

''* * * * * * *

''If the conveyance made and recorded during the. action relates to an estate the ownership of which had been claimed by an action of which a cautionary notice had been entered, in accordance with subdivision 1 of article 42 of this law, a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title for its cancellation by virtue thereof.''

In *Dávila* v. *Registrar, supra,* the registrar refused to cancel a record made in favor of third persons who had acquired certain parcels of land out of an estate subsequent to the entry of a notice of complaint affecting the whole of the immovable, and this court, in reversing the decision appealed from, said:

''We see no reason why the appellants are not entitled to have their deed recorded in its entirety. The transfers and records in favor of the creditor and his alienees were made subsequently to the entry of the complaint in the registry, and with full knowledge of the pendency of the suit, and subject to its results. The object in making an entry of the complaint is to warn other persons that if they acquire thereafter any claim to the property entered it will be lost if the person causing the entry of the complaint obtains judgment in his favor in the suit originating said entry. The registrar's refusal to record a part of the property on the ground that the same is recorded in favor of third persons, appears to be based on section 20 of the Mortgage Law which provides that in order to record or enter instruments transferring or encumbering the ownership or possession of real property or property rights, the interest of the persons conveying it, or in whose name the transfer or encumbrance is made, must be previously recorded. This provision refers to records

in general, but not to those that might be made as a result of a suit entered in the registry, for as to those cases section 71 is applicable, which while allowing the conveyance or encumbrance of real property or property rights entered without prejudice to the right of the person in whose favor the entry may have been made, in one of its paragraphs provides, where the conveyance has been recorded, that a certified copy of the final judgment in favor of the ownership of the plaintiff shall be a valid title deed by virtue of which such record may be canceled, which provision finds its complement in section 142 of the Regulations for its execution, equivalent to section 76 of the Spanish Mortgage Law providing the manner in which a cautionary notice may be converted into a final inscription upon the final acquisition of the right entered by the person in whose favor the entry has been made. See the Decisions of the General Directorate of Registries of Spain of September 10, 1881, and January 19, 1897.''

■ The second ground of the decision of the registrar is also untenable. In the judgment rendered by the District Court of Guayama it is set forth that the Porto Rican Leaf Tobacco Co., one of the defendants in the action for annulment of the foreclosure proceeding and for recovery of real property, only appeared specially to allege that said corporation had been dissolved ever since 1929, and therefore ceased to do business in the Island; but although in the dispositive part of said judgment the court dismissed the complaint as to the Puerto Rican Leaf Tobacco Co., it sustained the same as to the other defendants and, consequently, decreed the nullity and nonexistence of the summary foreclosure proceeding, instituted by the Porto Rican Leaf Tobacco Co. against the predecessor in interest of the plaintiff Heirs of Amador Trías Silva, and declared the judicial sale executed by the marshal and subsequent conveyances of said estate in favor of Baltazar Mendoza and the other defendants, to be void and ineffective, for the purpose of conveying the ownership. It ordered the cancellation of all the records concerning such alienations, and held that the property was and had always been owned by the plaintiff heirs.

According to Section 18 of the Mortgage Law, registrars shall, under their responsibility, pass on all documents issued by judicial authority for the sole purpose of admitting, suspending, or refusing their admission to record or entry. In construing the scope of said section, this court has held, in numerous cases, to quote from *Cintrón* v. *Registrar,* 35 P.R.R. 737, 739, as follows:

"According to the second paragraph the registrars are empowered to pass on documents issued by judicial authority and the jurisprudence of this Supreme Court has established in various decisions the scope of their power in such cases. This power does not extend to weighing the grounds of judgments and judicial decisions, that is, the intrinsic justice thereof, nor to deciding whether the evidence submitted was sufficient, but they may determine whether the court had jurisdiction of the subject matter, *the nature and effect of the order,* whether it was made in the proper proceeding, whether the essential rules and procedure for its validity were followed and whether it contains all the facts which, according to the Mortgage Law, are necessary for making the record. *Suárez* v. *Registrar of Guayama, ante,* p. 466, and cases therein cited."

The doubt expressed by the appellee registrar as to whether the judgment, owing to the deficiency claimed by him, is sufficient to warrant the cancellation sought, goes beyond his statutory powers. It is true that the complaint was dismissed as to the Porto Rican Leaf Tobacco Co., but the court in its judgment expressly decreed the nullity and nonexistence of the foreclosure proceeding, instituted against the predecessor in interest of the plaintiff heirs, and the invalidity and ineffectiveness of the transfer of the property at the judicial sale and of all subsequent conveyances, and expressly held that the property in controversy was and had always been owned by the Heirs of Amador Trías Silva. The entry of the notice of complaint made in 1927 and still in force, was a notice to every subsequent purchaser of said property to the effect that their title was subject to the results of the action referred to in the entry. *Riera* v. *Registrar, supra.*

For the reasons stated the appeal is sustained and the decision of the appellee registrar reversed, and the latter is ordered to proceed to make the cancellations sought.